Jackie A. McGREGOR, Plaintiff–
Appellant,

v.

NATIONAL RAILROAD PASSENGER
CORPORATION, a.k.a. Amtrak,
Defendant–Appellee.

No. 97–35868.

United States Court of Appeals,
Ninth Circuit.

Submitted April 15, 1999.[1]

Opinion Filed June 8, 1999.

Opinion Withdrawn Aug. 16, 1999.

Decided Aug. 16, 1999.

---

1. The panel unanimously finds this case suit-able for disposition without oral argument.  Fed. R.App. P. 34(a)(2).

Charles C. Dearden, Whitefish, Montana, and David Paoli, Missoula, Montana, for the plaintiff-appellant.

Robert E. Sheridan and Maureen I. Hall, Garlington, Lohn, & Robinson, Missoula, Montana, for the defendant-appellee.

Before: PREGERSON and THOMPSON, Circuit Judges, and MOSKOWITZ,[2] District Judge.

## ORDER

The Opinion filed June 8, 1999 is hereby withdrawn.

## OPINION

PREGERSON, Circuit Judge:

Jackie McGregor brought this action against Amtrak under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Both parties moved for summary judgment. The district court granted Amtrak's motion for summary judgment and denied McGregor's motion.

McGregor appeals. We affirm in part, reverse in part, and remand.

## I.

McGregor was employed by Amtrak for over 30 years. In January 1994, while working as a ticket agent[3] at Amtrak's station in Whitefish, Montana, McGregor injured her right arm. She underwent surgery to her right arm after noninvasive treatments failed to improve her condition. Following surgery, McGregor's treating physician told her not to lift more than 20 pounds on frequent basis and 25 pounds on an occasional basis. Because of these restrictions, Amtrak concluded that McGregor could not perform the functions of a ticket agent and did not permit her to return to work in that capacity.

McGregor requested that Amtrak make reasonable accommodations by reassigning her to a different position that did not require lifting.[4] Amtrak refused.

## II.

We have jurisdiction under 28 U.S.C. § 1291 to review the district court's grant of summary judgment in favor of defendants. We also have jurisdiction under § 1291 to review the district court's denial of plaintiff's motion for summary judgment. *See Abend v. MCA,* 863 F.2d 1465, 1482 n. 20 (9th Cir.1988) (on cross-motions for summary judgment, "the district court's grant of summary judgment [for defendant is] a final decision giving us jurisdiction [under § 1291 to also] review its denial of plaintiff's motion for summary judgment").

---

2. The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

3. Amtrak ticket agents are responsible for handling passenger baggage and express packages. As a ticket agent, McGregor was required to transport bags and packages to and from baggage carts and to load and unload the carts. She was routinely required to lift baggage weighing up to 75 pounds.

4. McGregor's other suggested accommodations were also rejected by Amtrak. We discuss these other accommodations in a separate, unpublished memorandum disposition which affirms the district court's summary adjudication rejecting them. The memorandum disposition also discusses and which rejects an alternate ground on which McGregor argued that the district court erred by refusing to grant summary judgment in her favor.

## III.

We review de novo the district court's grant of summary judgment in favor of Amtrak. *See Warren v. City of Carlsbad,* 58 F.3d 439, 441 (9th Cir.1995). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether any genuine issue of material fact remains for trial and whether the district court correctly applied the substantive law. *See Nunes v. Wal-Mart Stores, Inc.,* 164 F.3d 1243, 1246 (9th Cir.1999).

■■ To prevail on an ADA claim, a plaintiff must establish: (1) that she has a disability; (2) that she was a qualified individual capable of performing the essential functions of the job either with or without reasonable accommodation; and (3) that she was unlawfully discriminated against because of her disability. *See Kennedy v. Applause, Inc.,* 90 F.3d 1477, 1481 (9th Cir.1996). The district court assumed that McGregor was "disabled" within the meaning of the ADA for purposes on ruling on Amtrak's motion for summary judgment. The court granted Amtrak's motion for summary judgment on the issue whether reassigning McGregor to another position was a reasonable accommodation because it concluded that Amtrak had no alternate positions available.

The ADA states that reasonable accommodation "may include ... reassignment to a vacant position." 42 U.S.C. § 12111(9)(B). The district court, however, found that there were no available positions McGregor could have filled given the restrictions on her lifting capacity. But Amtrak's own expert stated that in 1995 and 1996 there were twelve "appropriate openings" for which McGregor was qualified despite her disability. Moreover, Amtrak conceded that as long as McGregor "maintains her seniority with the railroad, she has the option of requesting reassignment and that she *could be accommodated by reassignment if she so elected.*" This evidence indicates that there is at least a disputed issue of material fact as to whether there were positions available to which Amtrak could have reassigned McGregor. Therefore, it was error for the district court to grant summary judgment on the ground that *no* position was available for McGregor's reassignment.

■ Amtrak contends that even if a position were available, it was not required to reassign McGregor because doing so would violate the terms of a collective bargaining agreement and the rights of other employees. Amtrak argues that the ADA does not require exempting a disabled employee from a collectively-bargained seniority system. But Amtrak would not have been required to exempt McGregor from its collectively-bargained seniority system because of McGregor's high seniority in her union. As such, even if collective bargaining agreements could trump the ADA in certain circumstances, that rule has no application here.

Amtrak argues that McGregor had the right to bid on any available job and that she simply failed to exercise her right. But McGregor testified that she inquired extensively into bidding on other jobs and that her supervisor told her that Amtrak would not accept her bid until she was "100% healthy." Amtrak denies that it prohibited McGregor from bidding on any position until she was 100% healthy and suggests that McGregor was unwilling to bid on any position because she did not want to relocate.

Whether McGregor was prohibited from bidding on an open position and whether she could have been accommodated had she done so, are disputed issues of material fact. Thus, these issues are not properly decided on summary judgment.

## IV.

■ McGregor, on the other hand, argues that the district court erred by denying her motion for summary judgment. McGregor moved for summary judgment and argued that Amtrak's "100% healed" policy is a *per se* violation of the ADA.

McGregor alleges that Amtrak officials repeatedly told her that she could not return to work or bid on any other position until she was "100% healed," and that such a policy is a *per se* violation of the ADA. McGregor is correct in noting that "100% healed" policies are *per se* violations of the ADA. A "100% healed" or "fully healed" policy discriminates against qualified individuals with disabilities because such a policy permits employers to substitute a determination of whether a qualified individual is "100% healed" from their injury for the required individual assessment whether the qualified individual is able to perform the essential functions of his or her job either with or without accommodation. *See Hendricks–Robinson v. Excel Corp.,* 154 F.3d 685, 699 (7th Cir.1998); *Weigel v. Target Stores,* 122 F.3d 461, 466 (7th Cir.1997) (stating that the determination whether one qualifies as a qualified individual with a disability "necessarily involves an individualized assessment of the individual and the relevant position"); *Norris v. Allied–Sysco Food Servs., Inc.,* 948 F.Supp. 1418, 1437 (N.D.Cal.1996); *see, e.g., Heise v. Genuine Parts Co.,* 900 F.Supp. 1137, 1154 & n. 10 (D.Minn.1995) (holding that a "must be cured" or "100% healed" policy is a *per se* violation of the ADA because the policy does not allow a case-by-case assessment of an individual's ability to perform essential functions of the individual's job, with or without accommodation); *Hutchinson v. United Parcel Serv., Inc.,* 883 F.Supp. 379, 397 (N.D.Iowa 1995) (same); *Sarsycki v. United Parcel Service,* 862 F.Supp. 336, 341 (W.D.Okla. 1994) (holding that under the ADA "individualized assessment is absolutely necessary if persons with disabilities are to be protected from unfair and inaccurate stereotypes and prejudices"). As we have noted, whether Amtrak has a "100% healed" policy or its functional equivalent is a disputed issue of material fact which makes granting summary judgment on this issue inappropriate.

## V.

We affirm the district court's denial of McGregor's motion for summary judgment. We reverse the district court's grant of summary judgment in favor of Amtrak, and we remand for a determination on the issues whether McGregor was prohibited from bidding on an open position, and whether she could have been accommodated had she done so.

AFFIRMED in part; REVERSED in part and REMANDED.