[Cite as *Zidian v. Dept. of Commerce*, 2012-Ohio-1499.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| CHARLES ZIDIAN, | ) | |
| | ) | CASE NO.   11 MA 39 |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| - VS - | ) | O P I N I O N |
| | ) | |
| DEPARTMENT OF COMMERCE, | ) | |
| | ) | |
| DEFENDANT-APPELLEE. | ) | |

CHARACTER OF PROCEEDINGS:        Civil Appeal from Common Pleas Court,
                                 Case No. 10CV2850.

JUDGMENT:                        Reversed and Remanded.

APPEARANCES:
For Plaintiff-Appellant:         Attorney Robert Rohrbaugh
                                 4800 Market Street, Suite A
                                 Boardman, Ohio  44512

For Defendant-Appellee:          Attorney Michael DeWine
                                 Ohio Attorney General
                                 Attorney Jennifer Croskey
                                 Assistant Attorney General
                                 30 East Broad Street, 26th Floor
                                 Columbus, Ohio  43215-3428

JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

                                 Dated:  March 30, 2012

VUKOVICH, J.

{¶1}   Plaintiff-appellant Charles Zidian appeals the decision of the Mahoning County Common Pleas Court granting defendant-appellee Ohio Department of Commerce, Division of Real Estate and Professional Licensing's motion to dismiss the appeal from the Ohio Real Estate Commission's decision to revoke Zidian's real estate license and issue a $1,000 civil penalty.

{¶2}   The common pleas court provided three reasons for dismissing the appeal.  First, it indicated that Zidian failed to appear at the formal hearings before the Division of Real Estate and, thus, did not exhaust his administrative remedies.  Second, it held the notices of appeal were not timely filed with both the common pleas court and the Department of Commerce in accordance with R.C. 119.12.  Lastly, it stated that the notices of appeal failed to state the grounds for the appeal as is required by R.C. 119.12.  Zidian disagrees with all of these findings.

{¶3}   For the reasons expressed below, the trial court's dismissal of the appeal is reversed and the case is remanded with instructions to reinstate Zidian's appeal from the decision of the Ohio Real Estate Commission.  Upon remand, the trial court is advised that the doctrine of waiver may apply to certain arguments presented by Zidian since he did not appear at the administrative hearings.

STATEMENT OF CASE

{¶4}   In 2005, Gregory Everett was selling his house (for sale by owner) in Mahoning County, Ohio.  Zidian approached Everett requesting a one time showing for one of Zidian's clients.  Everett and Zidian agreed on a $4,000 commission if the house sold and such agreement was memorialized in a written contract.  Zidian's client purchased the house within 30 days of the showing.  Zidian received the $4,000 commission, but also took a $1,000 bonus.  He did this by putting his fee of $4,000 and the $1,000 bonus in the title work.  According to Zidian, Everett contacted him prior to the sale and indicated if the house sold within 30 days, Zidian would get a $1,000 bonus.  This alleged agreement was not made in writing.

{¶5}   After discovering that Zidian took an extra $1,000, Everett attempted to get that money back from Zidian.  Everett claimed that there was no agreement

concerning a $1,000 bonus. It appears his attempts were futile so he filed a complaint with the Ohio Department of Commerce, Real Estate Division.

{¶6} The Real Estate Division investigated the allegations and charged Zidian with:

{¶7} "1. Inserted a materially inaccurate term into the 'title work order' concerning the $1,000.00 selling bonus from the seller of the subjected property, in violation of R.C. 4735.18(A)(35).

{¶8} "2. With respect to the $1,000.00 selling bonus from the seller of the subject property, demanded a commission to which you were not entitled in violation of R.C. 4735.18(A)(10).

{¶9} "3. The above conduct described in Charges #1-2 also constitutes a failure to protect the public against fraud, misrepresentation or unethical practices in real estate transactions and failed to endeavor to eliminate in the community, any practices which could be damaging to the public or to the integrity of the real estate profession. This constitutes a violation of R.C. 4735.18(A)(6), as that section incorporates the Canons of Ethics, Section I, Article 2.

{¶10} "4. Failed to obtain sellers' signature on the consumer guide to agency prior to showing the subject property in violation of R.C. 4725.181(A) as that section incorporates R.C. 4735.56(C) and/or failed to keep complete and accurate records of all transactions for a period of three years from the date of the transaction in violation of R.C. 4735.18(A)(24).

{¶11} "5. Failed to obtain purchasers' signature on the consumer guide to agency prior to showing the subject property in violation of R.C. 4725.181(A) as that section incorporates R.C. 4735.56(D) and/or failed to keep complete and accurate records of all transactions for a period of three years from the date of the transaction in violation of R.C. 4735.18(A)(24)."

{¶12} Thereafter, Zidian was served with a subpoena duces tecum. However, he failed to produce all of the documents requested. The matter went before a Hearing Officer; testimony was taken from Mr. Schirtzinger, an investigator with the division. Zidian, who did receive prior notice of the hearing through certified mail, failed to appear and defend the charges.

{¶13} After hearing the evidence, the Hearing Officer issued a report and concluded that the Division of Real Estate provided sufficient evidence to demonstrate

the alleged violations. It then recommended that the Ohio Real Estate Commission find violations of R.C. 4735.18(A)(10); R.C. 4735.18(A)(35); R.C. 4735.181 as that section incorporates R.C. 4735.56(C) and 4735.56(D); and R.C. 4735.18(A)(6) as that section incorporates the Cannons of Ethics, Section I, Article 2.

{¶14} Following that report, the matter was set for review by the Ohio Real Estate Commission. Zidian was notified of that date and was informed that he could attend and present his case. Prior to the hearing date, Zidian requested a continuance, which was granted and the case was set for a later date. The case was then heard by the Commission on June 2, 2010. Neither Zidian nor his counsel appeared at the hearing. The Commission agreed with the Hearing Officer and found violations. As a penalty for the first three violations (concerning the improper $1,000 bonus) it revoked Zidian's real estate license. For the four and fifth violations (for failing to obtain signatures on the consumer guide to agency indicating that he was representing both the buyer and seller) it imposed a $500 civil penalty for each; thus an aggregate civil penalty of $1,000.

{¶15} The decision was sent by certified mail on July 14, 2010. Zidian was notified that he could appeal the decision within 15 days by filing notices of appeal with the agency and the common pleas court. Zidian attempted to file notices of appeal within that time limit. Zidian filed a notice of appeal with the Department of Commerce on July 26, 2010. That notice was not filed with the Mahoning County Common Pleas Court. Zidian then filed a different notice of appeal with Mahoning County Common Pleas Court on July 28, 2010. That notice of appeal was sent to the Department of Commerce but was not received until August 2, 2010.

{¶16} On August 24, 2010, the Department of Commerce filed a motion to dismiss asserting the notices of appeal did not comply with R.C. 119.12. Specifically, that it was not timely and did not contain the statutory mandated language. It also asserted that Zidian's failure to appear at any of the hearings meant that he did not exhaust his administrative remedies. Zidian opposed the motion.

{¶17} A common pleas court magistrate concluded that the court was without jurisdiction to hear the appeal because the notice was not timely, it did not contain the statutory mandated language, and Zidian did not exhaust his administrative remedies. Zidian filed timely objections and the Department of Commerce timely opposed those objections.

**{¶18}** After considering the arguments, the trial court found that the administrative remedies were not exhausted and also concluded that the notices of appeal were not timely and did not contain the statutory mandated language.  Thus, it dismissed the appeal for lack of jurisdiction.

FIRST ASSIGNMENT OF ERROR

**{¶19}** "THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S ADMINISTRATIVE APPEAL."

**{¶20}** When a statute confers the right to appeal, an appeal can be perfected only in the mode prescribed by that statute.  *Ramsdell v. Ohio Civ. Rights Comm.*, 56 Ohio St.3d 24, 27, 563 N.E.2d 285 (1990).  R.C. 119.12 confers the right to appeal an administrative decision from the Department of Commerce.  Thus, a party must strictly adhere to the filing requirements in R.C. 119.12 in order to perfect an administrative appeal and invoke the common pleas court's jurisdiction.  *Hughes v. Ohio Dept. of Commerce,* 114 Ohio St.3d 47, 2007-Ohio-2877, 868 N.E.2d 246, ¶ 17.

**{¶21}** A trial court's determination regarding its subject matter jurisdiction inherently raises a question of law, which must be reviewed independently without deference to a trial court's decision.  *In re Campbell,* 7th Dist. No. 05MA10, 2006–Ohio–1764, ¶ 7. Consequently, we review the trial court's determination that it lacked subject matter jurisdiction to review the appeal under a de novo standard of review.  *Fifth Third Bank, N.A. v. Maple Leaf Expansion, Inc.,* 188 Ohio App.3d 27, 2010–Ohio–1537, 934 N.E.2d 366, ¶ 10 (7th Dist.).

**{¶22}** Each of the trial court's grounds for dismissing the administrative appeal (timeliness of the notices of appeal, content of the notices of appeal and exhaustion of administrative remedies) will be addressed in turn.

Timeliness

**{¶23}** The time limit within which to file a notice of appeal from the administrative order is enumerated in R.C. 119.12:

**{¶24}** "Any party adversely affected by any order of an agency * * * revoking or suspending a license * * * may appeal from the order of the agency to the court of common pleas of the county in which the place of business of the licensee is located or the county in which the licensee is a resident, except that appeals from decisions of the liquor control commission, the state medical board, state chiropractic board, and board of nursing shall be to the court of common pleas of Franklin county.  If any party

appealing from the order is not a resident of and has no place of business in this state, the party may appeal to the court of common pleas of Franklin county.

**{¶25}** "* * *

**{¶26}** "Any party desiring to appeal shall file a notice of appeal with the agency * * *. The notice of appeal shall also be filed by the appellant with the court. In filing a notice of appeal with the agency or court, the notice that is filed may be either the original notice or a copy of the original notice. Unless otherwise provided by law relating to a particular agency, notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section." R.C. 119.12.

**{¶27}** Filing the notices of appeal within the 15 days after the mailing of the order is a jurisdictional requirement, which if not followed will deprive the common pleas court of jurisdiction to hear the appeal. *Nibert v. Ohio Dept. of Rehab. & Corr.*, 84 Ohio St.3d 100, 702 N.E.2d 70 (1998), syllabus.

**{¶28}** Both parties agree and the record reflects that the agency's order was mailed to Zidian on July 14, 2010. Fifteen days following that is July 29, 2010.

**{¶29}** Zidian filed a notice of appeal with the common pleas court on July 28, 2010. A copy of that notice of appeal was sent to the division. However, it was not received until August 2, 2010.

**{¶30}** Zidian argues that the notice of appeal filed with the common pleas court and the copy that was forwarded to the Department of Commerce were both timely since the certification attached to the notice of appeal states that the copy was sent on July 29, 2010, to the Department of Commerce. He asserts that under R.C. 119.12 he had until July 31, 2010, to effectuate service. Since July 31, 2010, was a Saturday, he contends that he had until Monday, August 2, 2010, for the Department of Commerce to receive his notice. Therefore, he is arguing that mailing constitutes filing and that a three day mailing rule applies.

**{¶31}** We disagree with his arguments. The statute clearly indicates that the notices of appeal must be filed with both the agency and the court of common pleas within the 15 day period. The notice of appeal filed in the common pleas court was timely since it was received within the 15 day filing period. However, the copy of the notice that was sent to the Department of Commerce was received after the 15 day period and as such, was untimely. The fact that his certification indicates that it was

mailed on July 29, 2010, the last day for filing the notices is not sufficient to comply with the statute. The notices of appeal must be filed, not just mailed, by the 15 day deadline. *Austin v. Ohio FAIR Plan Underwriting Assn.*, 10th Dist. No. 10AP-895, 2011-Ohio-2050, ¶ 9; *Leonard v. Ohio Bd. of Nursing*, 10th Dist. No. 99AP-1154, 2000 WL 739442 (June 8, 2008) (stating that depositing the notice of appeal in the mail does not constitute a filing under R.C. 119.12); *Hickey v. Ohio State Medical Bd.*, 8th Dist. No. 50520, 1986 WL 6713 (June 12, 1986) (same); *Townsend v. Bd. of Bldg. Appeals*, 49 Ohio App.2d 402, 361 N.E.2d 271 (9th Dist.1976) (same).

{¶32} That said, on July 26, 2010, within the 15 day filing period, Zidian did file a notice of appeal with the Department of Commerce. A copy of that notice of appeal was never sent to the common pleas court. Zidian contends that if this court considers the timely July 26, 2010 notice of appeal filed with the Department of Commerce in conjunction with the timely July 28, 2010 notice of appeal filed with the common pleas court, he has satisfied the requirements of R.C. 119.12.

{¶33} The July 26, 2010 notice of appeal that was timely filed with the Department of Commerce states:

"DEPARTMENT OF COMMERCE
"DIVISION OF REAL ESTATE &
"PROFESSIONAL LICENSING

{¶34} "* * *

{¶35} "Notice is hereby given that Charles P Zidian, et. [sic] al., hereby appeals the Adjudication Order entered into the ninth (9) day of June, 2010. As grounds for said appeal, the Department of Commerce improperly determined that Mr. Zidian engaged in acts requiring discipline." 07/26/10 Notice of Appeal.

{¶36} The July 28, 2010 notice of appeal that was timely filed with the common pleas court states:

"IN THE COURT OF COMMON PLEAS
"MAHONING COUNTY, OHIO

{¶37} "* * *

{¶38} "Now comes the Plaintiffs by and through undersigned counsel Attorney Robert J. Rohrbaugh II and pursuant to R.C. 2506.01 hereby files this appeal of case no. 2008-237 of the Department of Commerce, Division of Real Estate's determination of June 9, 2010 adjudication order." 07/28/10 Notice of Appeal.

{¶39} As can be seen these notices of appeal are not copies of each other. However, both notices timely informed its respective recipients of Zidian's intent to appeal the Department of Commerce, Division of Real Estate's June 9, 2010 order. Since, the purpose of a notice of appeal is to inform the parties and the court of the appeal, the July 26, 2010 and July 28, 2010 notices timely achieved that purpose. *State of Ohio, Bd. of Pharmacy v. Evankovich*, 7th Dist. No. 10MA153, 2011-Ohio-3172, ¶ 32 (stating the purpose of a notice of appeal is to inform the parties and the court of the taking of an appeal).  We acknowledge that R.C. 119.12 discusses the filing of the original notice and/or a copy of the original notice.  However, that does not mean that the filing of two different, but substantially similar, versions of a notice of appeal fails to invoke the common pleas court's jurisdiction.  *See Morrison v. Dept. of Ins.*, 4th Dist. No. 01CA13, 2002-Ohio-5986, ¶ 18 (indicating that although two notices of appeal bore different signatures and thus were not photocopies of each other, they were sufficient to invoke the common pleas court's jurisdiction where the notices were filed within fifteen days of the order appealed.  The appellate court stated it was unable to discern from the notices whether they were "photocopies of phantom 'original' notices of appeal or signed original documents.").  While we do not encourage appellants to file a different version of the notice of appeal with the agency than it filed with the common pleas court, in this instance, considering the language of the notices that were filed, we find that Zidian complied with R.C. 119.12's filing requirement and the spirit of the statute.

{¶40} Therefore, although the July 26, 2010 and July 28, 2010 notices of appeal were not an original and a duplicate, they were timely and they informed the court and Department of Commerce of the appeal taken from the June 9, 2010 order. Taken together we find that they sufficiently invoked the common pleas court's jurisdiction.

Content

{¶41} The current version of R.C. 119.12 states, in pertinent part:

{¶42} "Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and stating that the agency's order is not supported by reliable, probative, and substantial evidence and is not in accordance with law.  The notice of appeal may, but need not, set forth the specific grounds of the party's appeal beyond the statement that the agency's order is not supported by

reliable, probative, and substantial evidence and is not in accordance with law. * * * The amendments made to this paragraph by Sub. H.B. 215 of the 128th general assembly are procedural, and this paragraph as amended by those amendments shall be applied retrospectively to all appeals pursuant to this paragraph filed before the effective date of those amendments but not earlier than May 7, 2009, which was the date the supreme court of Ohio released its opinion and judgment in *Medcorp, Inc. v. Ohio Dep't. of Job and Family Servs.* (2009), 121 Ohio St.3d 622, [2009-Ohio-2058,] 906 N.E.2d 1125."

**{¶43}** The notices of appeal in the case at hand, which are quoted above, do not contain the statutory language that "the agency's order is not supported by reliable, probative, and substantial evidence and is not in accordance with law." However, that deficiency does not deprive the common pleas court of jurisdiction. Recently we have held that the requirement to put the standard of review in the notice of appeal is redundant and the failure to do so does not render the common pleas court without jurisdiction to hear the appeal. *Evankovich*, 7th Dist. No. 10MA153, 2011-Ohio-3172.

**{¶44}** In coming to this determination, we explained that the Ohio Supreme Court has indicated that "when a party files an appeal from an order of an administrative agency, it is already making an affirmative statement that it believes that the underlying order 'is not supported by reliable, probative, and substantial evidence, and/or is not in accordance with law' because it must meet that standard to succeed on appeal under the plain language of R.C. 119.12." *Id.* at ¶ 31, quoting *Medcorp* at ¶ 14. Furthermore, we noted that the Ohio Supreme Court has consistently indicated that the purpose of the notice of appeal is to inform the opposing party of the taking of an appeal. *Evankovich* at ¶ 32.

**{¶45}** *Evankovich* is controlling, and as such, the notices of appeal were adequate to inform the court and the Department of Commerce that Zidian was appealing the commission's order. Thus, the common pleas court erred in determining that the content of the notice of appeal was inadequate to invoke its jurisdiction.

Exhaustion

**{¶46}** Although failure to exhaust administrative remedies is not a jurisdictional defect per se, under Ohio law a complainant must exhaust any administrative remedies before invoking the common pleas court's jurisdiction. *Jones v. Chagrin Falls,* 77 Ohio St.3d 456, 462, 674 N.E.2d 1388 (1997).

**{¶47}** Zidian did not appear at the administrative hearings held on February 2, 2010, and June 2, 2010. He did participate slightly in the administrative process by filing a motion to continue one of the hearings, which was granted. However, he did not appear for the rescheduled hearing. He also complied in part with the subpoena duces tecum. It was only partial compliance because he did not produce all documents requested; the hearing officer concluded that the documents he did not produce must not exist. In complying with the subpoena, he did send a letter explaining why he believed he was entitled to the $1,000 bonus.

**{¶48}** Regardless of that minimal participation, it is the Department of Commerce's position that Zidian did not exhaust his administrative remedies when he failed to appear at the February 2, 2010 and June 2, 2010 hearings. This position is based on the Eighth Appellate District's case holding that the failure to attend the hearing constituted a failure to exhaust administrative remedies. *Capital L. Corp. v. City of Cleveland Bd. of Zoning Appeals*, 8th Dist. No. 76795, 2000 WL 504109 (Apr. 27, 2000). It is also based on the reasoning that exhaustion is necessary because an administrative agency utilizes its special expertise in hearing the issue and rendering a decision. *Turner v. Goldberg*, 7th Dist. No. 96CA252, 1999 WL 61050 (Feb. 3, 1999). As such, judicial deference is given to that decision. *Id.* If the interested parties are not required to exhaust administrative remedies "there is the possibility that frequent and deliberate flouting of administrative processes could weaken the effectiveness of any agency by encouraging people to ignore its procedures." *Daniel v. Williams*, 10th Dist. No. 10AP-797, 2011-Ohio-1941, ¶ 15.

**{¶49}** *Capital* is a zoning appeals case in which the Zoning Board granted a variance to Oriana House. Capital owned property next to Oriana House, but did not attend the administrative hearing on the variance to argue why it should not be granted. The Eighth Appellate District found that Capital had not exhausted its administrative remedies based on an Ohio Supreme Court case which held:

**{¶50}** "The order of a village planning commission granting a use variance is appealable pursuant to R.C. Chapter 2506. A person owning property contiguous to the proposed use who has previously indicated an interest in the matter by a prior court action challenging the use, and who attends a hearing on the variance together with counsel, is within that class of persons directly affected by the administrative decision and is entitled to appeal under R.C. Chapter 2506." *Capital,* quoting

*Schomaeker v. First Natl. Bank of Ottawa*, 66 Ohio St.2d 304, 421 N.E.2d 530 (1981), paragraph two of the syllabus.

**{¶51}** *Schomaeker* dealt with the granting of a variance and an abutting property owner opposing the variance. It is clear from the syllabus of that opinion that in the situation of a property owner seeking to prevent an adjoining property owner from obtaining a variance there must be participation in the administrative proceeding for there to be exhaustion. The holding in *Schomaeker*, which the *Capital* court relied on, is very specific in its application to zoning appeals. Thus, we cannot find that the holding is applicable to all administrative proceedings.

**{¶52}** Furthermore, neither the *Turner* case nor the *Daniel* case stands for the direct proposition that the failure to attend the administrative proceeding means that Zidian did not exhaust his administrative remedies. In *Turner*, we stated that "the party must exhaust the administrative appeal system." *Turner*, 7th Dist. No. 96CA252, 1999 WL 615050. In holding as such, we cited the Ohio Supreme Court's *Nemazee* decision that states:

**{¶53}** "In Ohio, the exhaustion-of-administrative-remedies doctrine is a court-made rule of judicial economy. See *G.S.T. v. Avon Lake* (1976), 48 Ohio St.2d 63, 65. As the United States Supreme Court has stated, '[e]xhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.'" *Nemazee v. Mr. Sinai Medical Ctr.*, 56 Ohio St.3d 109, 111, 564 N.E.2d 477 (1990).

**{¶54}** Thus, our statement in *Turner* stands for the proposition that a party cannot appeal the matter to the common pleas court prior to appealing the matter through the administrative agency. Likewise, *Daniel* also addressed whether Daniel had exhausted all the appeals through the administrative process that were available. It was a worker's compensation case and there are multiple appeals that occur through the administrative process prior to the matter getting appealed to the common pleas court. *Daniel*, 10th Dist. No. 10AP-797, 2011-Ohio-1941, at ¶ 17. It was not a case dealing with Daniel failing to appear at the administrative hearings.

**{¶55}** In the matter at hand, there are not multiple appeals through the administrative process. Rather, the matter is heard by a hearing officer for a

recommendation and then that recommendation is presented to the Ohio Real Estate Commission for acceptance, rejection or modification. It is from that decision that an appeal is taken to the common pleas court. R.C. 119.12. Zidian followed that procedure and therefore there was exhaustion of administrative appeals. The trial court's determination to the contrary is overruled.

{¶56} That said, the Department of Commerce does have a point about the accused participating in the administrative proceedings. However, we believe the Department confuses the doctrine of exhaustion with the doctrine of waiver. A reviewing court, typically, can only review arguments that were raised in the trial court. The common pleas court would only be able to review the arguments raised to the commission and hearing officer. All other arguments would be waived. Thus, Zidian's action of failing to appear or argue below severely limits the arguments he can raise to the common pleas court in an appeal. For instance, failing to participate in the hearings waives any issue Zidian has with the factual determination made by the agency; Zidian cannot argue that a factual determination is not supported by competent reliable evidence. Rather, his arguments are limited to questions of law, i.e. application of the factual findings to the law. Applying the doctrine of waiver to this situation does not detract from the administrative proceeding because not only does the use of that doctrine discourage deliberate flouting of the administrative processes, but it also maintains judicial deference to the special expertise of the agency. Likewise, it preserves the right of the party disputing the agency's finding to argue questions of law.

{¶57} For the reasons expressed above, this assignment of error has merit.

SECOND ASSIGNMENT OF ERROR

{¶58} "THE TRIAL COURT ERRED IN FAILING TO APPLY THE APPROPRIATE LEGAL STANDARD TO APPELLEE'S MOTION TO DISMISS."

{¶59} Due to our resolution of the first assignment of error, the argument made under this assignment of error is moot. As such, it will not be addressed.

CONCLUSION

{¶60} The first assignment of error has merit. Although the July 26, 2010 notice of appeal timely filed with the Department of Commerce and the July 28, 2010 notice of appeal timely filed with the common pleas court are not an original and copy, but rather are different versions of a notice of appeal, they did timely inform the

respective parties of the intent to appeal. Thus, the appeal was timely under R.C. 119.12. Likewise, in accordance with our recent decision in *Evankovich*, the content of the notice of appeal was adequate to comply with R.C. 119.12. Furthermore, although Zidian did not attend the administrative hearings, he did exhaust his administrative remedies. Thus, the trial court erred in dismissing the administrative appeal.

{¶61} For the foregoing reasons, the judgment of the trial court is hereby reversed and the matter is remanded with instructions to reinstate the administrative appeal. However, in doing so, we note that the doctrine of waiver is applicable to certain arguments that may be raised by Zidian.

Waite, P.J., concurs.
DeGenaro, J., concurs.