[Cite as *Oakes v. Ohio Dept. of Pub. Safety*, 2014-Ohio-5314.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| GREGORY A. OAKES, et al., | : | **O P I N I O N** |
| Appellants, | : | |
| - vs - | : | CASE NO. 2014-T-0010 |
| DIRECTOR, OHIO DEPARTMENT OF PUBLIC SAFETY, | : | |
| | : | |
| Appellee. | | |

Administrative Appeal from the Trumbull County Court of Common Pleas, Case No. 2013 CV 2377.

Judgment: Affirmed.

*Thomas J. Lipka* and *Thomas F. Hull, II,* Manchester Newman & Bennett, The Commerce Building, Second Floor, 201 East Commerce Street, Youngstown, OH 44503 (For Appellants).

*Mike DeWine,* Ohio Attorney General, *Federico G. Barrera* and *Summer A. Moses*, Assistant Attorneys General, State Office Tower, 30 East Broad Street, 25th Floor, Columbus, OH 43215 (For Appellee).

COLLEEN MARY O'TOOLE, J.

{¶1} Appellants, Gregory A. Oakes and American Sentry, Inc., appeal from the January 22, 2014 judgment of the Trumbull County Court of Common Pleas, granting appellee's, Director, Ohio Department of Public Safety, motion to dismiss.[1] This case concerns the revocation of appellants' private investigator and security guard services

---

1. Oakes is the owner of American Sentry.

license by appellee. Because appellants' administrative appeal with the trial court was filed nearly a year late, the court determined it was without subject matter jurisdiction to hear the appeal and found that appellants had failed to exhaust their administrative remedies. For the reasons that follow, we affirm.

{¶2} On October 5, 2012, appellee issued a notice proposing to revoke appellants' license due to their submission of a false validation number. The notice indicated appellants no longer met the minimum requirements to be licensed as a private investigator and security guard provider under R.C. Chapter 4749. The notice provided appellants with the opportunity to request an adjudication hearing within 30 days of the date of mailing in accordance with R.C. 119.07. Appellants were properly served via certified mail at 8886 Howland Springs Road S.E., Warren, Ohio 44484, Oakes' residence and American Sentry's place of business. Stacy Williams checked the "agent" box and signed the certified mail receipt upon delivery. Appellants never requested a hearing.

{¶3} As a result, on November 28, 2012, appellee issued a final adjudication order revoking appellants' license based upon the grounds listed in its October 5, 2012 notice as well as the fact that appellants failed to file necessary corporate franchise tax reports or pay its taxes. The order was sent via certified mail to the Howland Springs Road address. However, it was returned to appellee as "unclaimed." Thereafter, appellee sent the order via ordinary mail on January 2, 2013 and obtained a certificate of mailing pursuant to R.C. 119.07. That mailing was never returned to appellee. Thus, service was perfected and the final adjudication order became effective on January 2, 2013.

{¶4} As indicated in the order, appellants had 15 days to file an administrative appeal with the trial court under R.C. 119.12. They did not. Instead, appellants waited almost one year before filing an appeal on December 5, 2013. On December 19, 2013, appellee filed a motion to dismiss for lack of subject matter jurisdiction and for appellants' failure to exhaust their administrative remedies.

{¶5} Appellants opposed the motion and attached an affidavit from Oakes. Appellants claimed they never received the final adjudication order. They also claimed that Stacy Williams had no authority to sign for the document and that she never forwarded it to Oakes. Thus, appellants maintained that the 15-day time limit to file a notice of appeal never began to run.

{¶6} In response, appellee filed a reply and attached two affidavits. The first affidavit was from Trooper Christopher Barnes with the Ohio State Highway Patrol, Office of Criminal Investigation. Trooper Barnes averred that in a separate criminal investigation, he executed a valid search warrant at the Howland Springs Road address on November 4, 2013. During the course of the search, Trooper Barnes seized and took into evidence the original final adjudication order sent by appellee which was still inside the opened envelope addressed to appellants and postmarked January 2, 2013. The second affidavit was from Morgan Rice, appellee's paralegal. Rice averred that the final adjudication order and notice of appeal rights were included in the January 2, 2013 mailing.

{¶7} On January 22, 2014, the trial court granted appellee's motion to dismiss. The court concluded it was without subject matter jurisdiction to hear the administrative

3

appeal and found that appellants had failed to exhaust their administrative remedies. Appellants filed a timely appeal with this court asserting two assignments of error:

{¶8} "[1.] The trial court erred in dismissing appellants' administrative appeal for lack of subject matter jurisdiction.

{¶9} "[2.] The trial court erred in dismissing appellants' administrative appeal for failure to exhaust administrative remedies."

{¶10} Before addressing appellants' assignments of error, we note our standard of review regarding administrative appeals.

{¶11} "'* * * [U]pon review of an administrative appeal, a court of common pleas considers whether the decision * * * is supported by "the preponderance of substantial, reliable, and probative evidence on the whole record." R.C. 2506.04. This court's review of the judgment of the trial court is more limited than that of the court of common pleas. *Henley v. City of Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 147 * * * (2000). This court's review is whether, as a matter of law, the decision of the court of common pleas is supported by a preponderance of reliable, probative, and substantial evidence. *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34 * * * (1984). "While the court of common pleas has the power to weigh the evidence, an appellate court is limited to reviewing the judgment of the common pleas court strictly on questions of law."' *Carrolls Corp. v. Willoughby Bd. of Zoning Appeals*, 11th Dist. Lake No. 2005-L-110, 2006-Ohio-3411, ¶10, quoting *Akwen, Ltd. v. Ravenna Zoning Bd. of Appeals*, 11th Dist. Portage No. 2001-P-0029, 2002-Ohio-1475, ¶17.' *Sumner v. Kent*, 11th Dist. Portage Nos. 2012-P-0019, 2012-P-0020, and 2012-P-0021, 2012-Ohio-5122, ¶12.

4

(Parallel citations omitted.)" *Dutton v. City of Chardon Planning Comm.*, 11th Dist. Geauga No. 2012-G-3102, 2013-Ohio-5805, ¶11.

{¶12} In their first assignment of error, appellants argue the trial court erred in dismissing their administrative appeal for lack of subject matter jurisdiction. They present two issues:

{¶13} "[1.] The administrative appeal was timely because the 15 day limitation of O.R.C. 119.12 never began to run because of flaws in notification and because appellants never received notice of the final adjudication order.

{¶14} "[2.] Evidence from appellee's reply brief should not have been considered."

{¶15} Regarding their first issue, "[t]he time limitations outlined in R.C. 119.12 promote 'the expeditious handling of administrative appeals.'" *Anda-Brenner v. Ohio State Dental Bd.*, 11th Dist. Portage No. 99-P-0064, 2000 Ohio App. LEXIS 3700, *3-4 (Aug. 11, 2000). R.C. 119.12 states in pertinent part:

{¶16} "Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and stating that the agency's order is not supported by reliable, probative, and substantial evidence and is not in accordance with law. * * * The notice of appeal shall also be filed by the appellant with the court. In filing a notice of appeal with the agency or court, the notice that is filed may be either the original notice or a copy of the original notice. Unless otherwise provided by law relating to a particular agency, notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section."

{¶17} "Ohio courts have acknowledged that, despite the harshness of the result, the failure to file a notice of a R.C. 119.12 administrative appeal within the fifteen day limit is a jurisdictional defect.[2] *Harrison v. Ohio State Med. Bd.* (1995), 103 Ohio App.3d 317, 321, * * *, citing *Arndt v. Scott* (1995), 72 Ohio L. Abs. 189, * * *, paragraph one of the syllabus; *Hayes v. Montgomery Cty. Bd. of Commrs.* (1994), 94 Ohio App.3d 597, 600 * * *." *Anda-Brenner, supra,* at *5. (Parallel citations omitted.)

{¶18} In this case, the record establishes that appellee perfected service of both the notice and the final adjudication order. As stated, appellee issued the October 5, 2012 notice and properly served it on appellants via certified mail at the Howland Springs Road address. The notice provided appellants with the opportunity to request an adjudication hearing within 30 days of the date of mailing in accordance with R.C. 119.07. Stacy Williams checked the "agent" box and signed the certified mail receipt. Despite appellants' claims about Williams, service of the notice was perfected under R.C. 119.07. *See Jain v. Vanderhoof*, 11th Dist. Lake No. 2000-L-016, 2000 Ohio App. LEXIS 6117, *5 (holding that valid service of process is presumed when a mailing is received by any person at the designated address and that the recipient of the mailing need not be an agent of the defendant.)

{¶19} Because appellants never requested a hearing within 30 days, appellee issued the November 28, 2012 final adjudication order revoking appellants' license. Pursuant to R.C. 119.09, the order was sent via certified mail but was returned as "unclaimed." Appellee then sent the order via ordinary mail on January 2, 2013 and

---

2. This court has previously described the failure as a defect involving a court's subject matter jurisdiction. *See, e.g., Anda-Brenner, supra,* at *5. However, the Supreme Court of Ohio has recently clarified this issue regarding the failure to timely file as an "error in the invocation or exercise of jurisdiction over a particular case" rather than a defect in the court's subject matter jurisdiction. *Bank of Am., N.A. v. Kuchta*, __ Ohio St.3d __, 2014-Ohio-4275, ¶19.

obtained a certificate of mailing pursuant to R.C. 119.07. That mailing was never returned. Thus, service of the final adjudication order was perfected and became effective on January 2, 2013. Oakes' self-serving affidavit cannot rebut the presumption of proper service in this case. *See Denittis v. Aaron Constr.*, 11th Dist. Geauga No. 2011-G-3031, 2012-Ohio-6213, ¶34 (holding that if there is no indication that a mailing, sent via ordinary mail, was ever returned, then there is a presumption that proper service was perfected.)

**{¶20}** Contrary to appellants' assertion, the order indicated the time frame for filing an administrative appeal. Specifically, appellants had until January 17, 2013, 15 days from the January 2, 2013 mailing, to file the appeal. However, they did not file the appeal until December 5, 2013. Thus, appellants missed the R.C. 119.12 filing deadline by almost one year. Accordingly, the trial court did not err in dismissing appellants' administrative appeal for failing to properly invoke its jurisdiction. *Kuchta, supra,* at ¶19.

**{¶21}** Appellants' first issue is without merit.

**{¶22}** Regarding their second issue, appellants contend the trial court erred in considering the two affidavits attached to appellee's reply brief in support of its motion to dismiss and allege that appellee's motion should have been converted into one involving summary judgment.

**{¶23}** Appellants rely on two cases in support of their position: *Parks v. Hillsdale Community Health Ctr.*, 1999 U.S. Dist. LEXIS 7620 (W.D. Mich.1999); *United States Bank Natl. Assn. v. Green Meadow SWS, LLC*, 5th Dist. Delaware No. 12 CAE 09 0069, 2013-Ohio-2002. However, upon review, appellants' reliance on those cases and their assertion under this issue are misplaced.

7

**{¶24}** *Parks*, a federal antitrust case, involved an appeal of summary judgment. The reason that the Court in that case decided not to review evidence submitted in a reply memorandum was merely for the sake of time. Specifically, the Court stated: "[w]ithout deciding the issue of whether additional evidence may be attached to a reply brief, the Court has chosen for purposes of this motion, in an effort to avoid delay and unnecessary further briefing, not to consider the new evidence attached to Defendant's reply brief." *Parks, supra,* at *4-5.

**{¶25}** Likewise, *Green Meadow* is also inapposite. Unlike the case at bar, that case was decided within the context of summary judgment and did not involve a jurisdictional argument. *See Green Meadow, supra.*

**{¶26}** In the case before us, as stated, Trooper Barnes averred in his affidavit that during the course of a search in a separate criminal investigation, he seized the original final adjudication order sent by appellee which was still inside the opened envelope addressed to appellants and postmarked January 2, 2013. Rice, appellee's paralegal, averred in her affidavit that the final adjudication order and notice of appeal rights were included in the January 2, 2013 mailing.

**{¶27}** The trial court did not explicitly state that it relied on the foregoing affidavits attached to appellee's reply in order to determine whether it had jurisdiction. Nevertheless, it was permitted to do so. *See Nemazee v. Mt. Sinai Med. Ctr.*, 56 Ohio St.3d 109, 111, fn.3 (1990) (holding that "[a] trial court has authority to consider any pertinent evidentiary material when determining its own jurisdiction.") *see also Clifton Care Ctr. v. Ohio Dept. of Job & Family Services*, 10th Dist. Franklin No. 12AP-709, 2013-Ohio-2742, ¶21 (holding that the trial court properly considered affidavits attached

8

to the agency's motion to dismiss for lack of subject matter jurisdiction involving an R.C. 119.12 administrative appeal and reply memorandum.)

**{¶28}** R.C. Chapter 119 does not preclude including additional exhibits in a reply memorandum involving a motion to dismiss. In addition, regarding appellants' summary judgment conversion assertion, we note that materials which are pertinent to the claim that the trial court did not have subject matter jurisdiction may properly be received by the court and does not convert a motion to dismiss into a motion for summary judgment. *See Southgate Dev. Corp. v. Columbia Gas Transm. Corp.*, 48 Ohio St.2d 211, 214 (1976); *see also Marinelli v. Mentor Exempted Village Bd. of Edn.*, 11th Dist. Lake No. 2002-L-170, 2003-Ohio-6236, ¶10.

**{¶29}** Appellants' second issue is without merit.

**{¶30}** Appellants' first assignment of error is without merit.

**{¶31}** In their second assignment of error, appellants contend the trial court erred in dismissing their administrative appeal for failure to exhaust their administrative remedies. They present two issues:

**{¶32}** "[1.] Appellants never received notice of appellee's intent to revoke American Sentry's license and the right to request a hearing, and, therefore, appellee's argument that American Sentry failed to exhaust administrative remedies is without merit.

**{¶33}** "[2.] The trial court should not have dismissed this appeal for failure to exhaust administrative remedies because it could have remanded the action to the administrative agency for a merit based hearing."

**{¶34}** Because appellants' issues are interrelated, we will address them together.

**{¶35}** "It is a 'long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.' *Myers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41, 50-51 * * * (1938). Thus, a 'party must exhaust the available avenues of administrative relief through administrative appeal' before seeking separate judicial intervention. *Noernberg v. Brook Park*, 63 Ohio St.2d 26, 29 * * * (1980). 'Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.' *Weinberger v. Salfi*, 422 U.S. 749, 765 * * * (1975)." *State ex rel. Teamsters Local Union No. 436 v. Bd. of Cty. Commissioners*, 132 Ohio St.3d 47, 2012-Ohio-1861, ¶19. (Parallel citations omitted.)

**{¶36}** "A failure to timely request an administrative hearing constitutes a failure to exhaust administrative remedies." *Carmack v. Caltrider*, 164 Ohio App.3d 76, 2005-Ohio-5575, ¶6 (2d Dist.2005). *See also Stores Realty Co. v. Cleveland*, 41 Ohio St.2d 41, 43 (1975).

**{¶37}** Appellants assert again under this assignment that they never had notice of appellee's intent to revoke their license and never had notice of their right to request a hearing. Thus, appellants allege that as a result, they never had the opportunity to exhaust their administrative remedies. In support, appellants rely on *Zidian v. DOC*, 7th

10

Dist. Mahoning No. 11 MA 39, 2012-Ohio-1499, in which the Seventh Appellate District found that partial participation was enough to establish that the appellant did not fail to exhaust his administrative remedies.

{¶38} Appellants' reliance on *Zidian* is misplaced, however, because appellants in this case did not timely participate in the administrative process in any way. As addressed in appellants' first assignment of error, the record establishes that appellee perfected service of both the notice and the final adjudication order, thereby putting appellants on notice of their right to request a hearing. However, appellants did nothing to participate in the administrative process until they filed a notice of appeal nearly one year late. Thus, the trial court did not err in finding that appellants failed to exhaust their administrative remedies.

{¶39} In addition, appellants contend the trial court should have remanded this action to the administrative agency for a hearing. However, appellants' contention is not well-taken because, as addressed, the trial court did not have jurisdiction. *See Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶11 (holding that any proclamation by a court without jurisdiction is void.)

{¶40} Appellants' second assignment of error is without merit.

{¶41} For the foregoing reasons, appellants' assignments of error are not well-taken. The judgment of the Trumbull County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.

11